J-S13001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF
PENNSYLVANIA

Appellee

v.

EMILIO J. RIVERA,

Appellant | No. 509 WDA 2013

Appeal from the Judgment of Sentence Entered November 15, 2012
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014290-2011

BEFORE:  BENDER, P.J.E., MUNDY, J., and STABILE, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MARCH 16, 2015**

Appellant, Emilio J. Rivera, appeals from the judgment of sentence of 50 to 100 years' incarceration, imposed after a jury convicted him of various offenses, including burglary, robbery (serious bodily injury), unlawful restraint, and recklessly endangering another person (REAP).  On appeal, Appellant seeks to challenge the sufficiency and weight of the evidence supporting his convictions, as well as the discretionary aspects of his sentence.  Additionally, his counsel, Christy P. Foreman, Esquire, seeks permission to withdraw her representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), as elucidated by our Supreme Court in ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and amended in ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Upon review, we agree with counsel that Appellant's claims are frivolous.  Accordingly, we

affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The trial court set forth the facts of this case as follows:

On April 4, 2011, Tasha Grayson and Keith Mullen were watching television at home while their two children slept upstairs, at 858 Miller Avenue in the City of Clairton, Allegheny County. At approximately 10:30 P.M., Grayson and Mullen heard a loud bang in the kitchen, which Mullen investigated. While Mullen was looking out the back window, a man started banging on the kitchen door, yelling, "This is the FBI. Open up." Mullen went to the basement to get their dog and Grayson went upstairs to the kids' room.

As the man outside continued to knock, Mullen opened the door, and Appellant and an accomplice pushed their way into the home. Appellant and his accomplice turned Mullen around and the accomplice put a gun to Mullen's head. Appellant went upstairs and brought Grayson and her children downstairs at gunpoint. Appellant met his accomplice in the kitchen, and they forced everyone down into the basement at gunpoint. Once in the basement Appellant ordered everyone to lay [*sic*] on their stomachs. Appellant and his accomplice looked around the basement for drugs, knowing that Mullen sold cocaine from the house. Appellant found Mullen's bag of cocaine on top of the refrigerator, but Appellant's accomplice became agitated and demanded money and more drugs. Mullen responded that was all he had, and "I don't have that stuff." In response Appellant grabbed their four year old daughter and put a gun to her head, asking Mullen, "Do you love her?" Appellant next grabbed Grayson by the neck, put the gun in her mouth, and asked Mullen, "Do you love her?" Mullen again stated that he did not have what they wanted, but Grayson told Appellant, "I have some money upstairs on the side of my bed, take it and go."

Appellant ran upstairs and searched the bedroom but returned after a few minutes and Appellant and his accomplice ordered everyone up to the children's room. Appellant's accomplice hit Mullen in the head several times with his revolver until Grayson yelled at him to stop and she would show them where the money was. Appellant's accomplice brought Mullen back down to the basement at gunpoint.

- 2 -

Appellant grabbed Grayson by the shirt and took her to her bedroom where he made her retrieve approximately $700 for him. They returned to the children's room and Appellant began to undress Grayson.

The neighbors were able to hear struggling and yelling through the walls of the duplex which comprised 858 and 860 Miller Avenue, and they eventually became alarmed and called the police. In response to a possible home invasion call, City of Clairton police officers James Kuzak, Matthew McDanel, and Jonathon Steiner arrived on scene in separate vehicles and proceeded to the residence. The three officers surrounded the home. Officer Kuzak approached the rear door and knocked loudly, prompting Appellant to bring Grayson downstairs to the kitchen door. Officer Kuzak announced "this is Clairton police open up." Appellant told Grayson to tell the officer that everything was okay and to go away, and she did so. Officer Kuzak responded, "This is Clairton police. If you don't open up, we're coming in." Grayson again told Officer Kuzak that she was fine, as instructed by Appellant, but the officer continued to knock and attempt to gain entry. Appellant's accomplice came up to the kitchen from the basement and told Appellant that they were going to have to shoot their way out, but Appellant wanted to wait it out. Appellant then left Grayson and his accomplice in the kitchen and briefly went into the living room.

Appellant's accomplice placed his hand on the door handle, counted to three, and then opened the door and shot Officer Kuzak four to six times before jumping over Officer Kuzak's fallen body and running away. Appellant followed and both fled toward an alley behind the house. Officers Steiner and McDanel both began to pursue Appellant and his accomplice, but Officer McDanel stopped in the backyard when he heard Officer Kuzak faintly state that he was injured. Officer McDanel approached Officer Kuzak and placed an "officer down" call for assistance. Officer Steiner was unable to catch Appellant or his accomplice in the alley, and returned to the scene. Officer Kuzak was unable to move and was having difficulty

breathing. Officer McDanel carried Officer Kuzak to the front of the house to await the medics while Officer Steiner provided cover.

Officer Kuzak was transported to Mercy Hospital where he underwent several emergency surgeries that were ultimately successful in saving his life. However, Officer Kuzak was shot several times by Appellant's accomplice: (1) one bullet struck him in the hand which disarmed him; (2) two bullets struck him in the center of his bulletproof vest; and, (3) one bullet struck him in the upper chest above the bulletproof vest. The bullet that entered Officer Kuzak's upper chest broke his spinal cord, causing permanent paralysis.

Following witness interviews and information received through a wire worn by a confidential informant, Appellant was interviewed by police. Appellant gave a statement acknowledging his involvement in the home invasion, but placed primary blame on his accomplice.

Trial Court Opinion (TCO), 6/12/14, at 6-10 (citations to the record and footnote omitted).

Appellant was arrested and charged with two counts of attempted homicide, two counts of assault of a law enforcement officer, one count of burglary, four counts of robbery (serious bodily injury), four counts of aggravated assault, one count of attempted rape, one count of conspiracy, four counts of unlawful restraint, one count of indecent assault, five counts of REAP, and one count of impersonating a public servant. *See* TCO at 2-3. On July 24, 2012, Appellant proceeded to a jury trial, at the conclusion of which he was found guilty of one count of burglary, four counts of robbery, four counts of unlawful restraint, four counts of REAP, and not guilty of the

remaining counts. On November 15, 2012, Appellant was sentenced to an aggregate term of 50 to 100 years' incarceration.[1]

_____

[1] The trial court set forth Appellant's specific sentences as follows:

Count five: burglary – ten to twenty years['] incarceration;

Count six: robbery serious bodily injury – ten to twenty years['] incarceration to be served consecutive to the period of incarceration imposed at count five;

Count seven: robbery serious bodily injury – ten to twenty years['] incarceration to be served consecutive to the period of incarceration imposed at count six;

Count eight: robbery serious bodily injury – ten to twenty years['] incarceration to be served consecutive to the period of incarceration imposed at count seven;

Count nine: robbery serious bodily injury – ten to twenty years['] incarceration to be served consecutive to the period of incarceration imposed at count eight;

Count sixteen: unlawful restraint – two to four years['] incarceration to be served concurrent with the period of incarceration imposed at count five;

Count seventeen: unlawful restraint – two to four years['] incarceration to be served concurrent with the period of incarceration imposed at count five;

Count eighteen: unlawful restraint – two to four years['] incarceration to be served concurrent with the period of incarceration imposed at count five;

Count nineteen: unlawful restraint – two to four years['] incarceration to be served concurrent with the period of incarceration imposed at count five;

Count twenty-one: [REAP] – one to two years['] incarceration to be served concurrent with the period of incarceration imposed at count five;

*(Footnote Continued Next Page)*

On November 19, 2012, Attorney Foreman entered her appearance as counsel for Appellant. She filed a timely post-sentence motion on Appellant's behalf, which the court denied. On March 21, 2013, Appellant filed a timely notice of appeal and the trial court subsequently ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. After Appellant requested and received several extensions of time within which to do so, he filed a Rule 1925(b) statement raising the following claims:

> 1. The evidence in this matter was insufficient to sustain Appellant's convictions for Burglary, Robbery-Inflict Serious Bodily Injury, Unlawful Restraint-Serious Bodily Injury, and [REAP].
>
> > a) The evidence presented was insufficient to prove beyond a reasonable doubt that Appellant entered a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, and thus failed to prove the elements necessary to convict Appellant of Burglary.

_(Footnote Continued)_ ───────────────

> Count twenty-two: [REAP] – one to two years['] incarceration to be served concurrent with the period of incarceration imposed at count five;
>
> Count twenty-three: [REAP] – one to two years['] incarceration to be served concurrent with the period of incarceration imposed at count five;
>
> Count twenty-four: [REAP] – one to two years['] incarceration to be served concurrent with the period of incarceration imposed at count five.

TCO at 3-5.

> b) The evidence presented was insufficient to prove beyond a reasonable doubt that Appellant, in the course of committing a theft, inflicted serious bodily injury upon another, and thus failed to prove the elements necessary to convict Appellant of Robbery – Serious Bodily Injury.
>
> > (i) The Commonwealth failed to prove that a theft occurred or that Appellant took any property whatsoever from the victim(s) by force or threat of force.
>
> c) The evidence presented was insufficient to prove beyond a reasonable doubt that Appellant knowingly restrained another [person] unlawfully in circumstances exposing him to risk of serious bodily injury, and thus failed to prove the elements necessary to convict Appellant of Unlawful Restraint-Serious Bodily Injury.
>
> d) The evidence presented was insufficient to prove beyond a reasonable doubt that Appellant recklessly engaged in conduct, which placed or may place another person in danger of death or serious bodily injury, and thus failed to prove the elements necessary to convict Appellant of [REAP].
>
> 2. The sentence imposed was excessive and/or illegal.
>
> 3. The verdict in this case was against the weight of the evidence.

Rule 1925(b) Statement, 5/5/14, at 4-5 (unnumbered).

On June 12, 2014, the trial court issued a Rule 1925(a) opinion. On December 1, 2014, Attorney Foreman filed with this Court a petition to withdraw and an **Anders** brief. "When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005) (quoting **Commonwealth v. Smith**, 700 A.2d 1301, 1303 (Pa. Super. 1997)).

Prior to withdrawing as counsel on a direct appeal under *Anders,* counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago.* The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago,* 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan,* 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014). After confirming that counsel satisfied these requirements, this Court must then conduct its own review of the record and independently determine whether the appeal is in fact wholly frivolous. *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010).

Instantly, Attorney Foreman's *Anders* brief provides a detailed summary of the procedural history and facts of Appellant's case with citations to the record. It also includes a discussion of the issues Appellant seeks to raise on appeal, and an explanation of Attorney Foreman's

conclusion that an appeal on Appellant's behalf would be wholly frivolous. Attorney Foreman supports her rationale with citations to the record, as well as relevant case law. She has also certified in her petition to withdraw that she sent a copy of her **Anders** brief to Appellant, along with a letter advising Appellant of the rights enumerated in **Nischan**, 928 A.2d at 353. Therefore, we conclude that Attorney Foreman has complied with the technical requirements for withdrawal. Accordingly, we will now independently review whether Appellant's claims are frivolous, and also determine whether there are any other issues he could arguably present on appeal.

According to Attorney Foreman, Appellant first seeks to challenge the sufficiency of the evidence to sustain his convictions. The trial court concluded that Appellant's sufficiency claim is waived, based on his failure to state that issue with specificity in his Rule 1925(b) statement.

> In … **Commonwealth v. Williams**, 959 A.2d 1252 (Pa. Super. 2008), this Court reiterated that when challenging the sufficiency of the evidence on appeal, the [a]ppellant's [Rule] 1925 statement must "specify the element or elements upon which the evidence was insufficient" in order to preserve the issue for appeal. **Williams**, 959 A.2d at 1257 (quoting **Commonwealth v. Flores**, 921 A.2d 517, 522–23 (Pa. Super. 2007)). Such specificity is of particular importance in cases where … the [a]ppellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt. **Id.**, at 1258 n. 9. … [W]e have held that [the trial court's decision to address the sufficiency issue] is "of no moment to our analysis because we apply Pa.R.A.P.1925(b) in a predictable, uniform fashion, not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim." **Id.** at 1257 (quoting **Flores** at 522–23).

***Commonwealth v. Garang***, 9 A.3d 237, 244 (Pa. Super. 2010).

Here, the trial court emphasized that in Appellant's Rule 1925(b) statement, he did "not set forth which elements of his thirteen convictions he is challenging …[;] rather[,] he merely state[d] that the Commonwealth failed to prove beyond a reasonable doubt the statutory definitions of robbery, burglary, unlawful restraint, and [REAP]." TCO at 10-11. The court concluded that, "[g]iven the lack of specificity engendered by this claim, the [t]rial [c]ourt cannot address it." ***Id.*** at 11. Consequently, the court deemed Appellant's sufficiency of the evidence claim waived. Likewise, the court also concluded that Appellant's boilerplate challenge to the weight of the evidence was too vague to preserve that issue for our review. ***See*** TCO at 15 (citing ***Commonwealth v. Seibert***, 799 A.2d 54, 62 (Pa. Super. 2002) (finding the appellant's weight of the evidence claim waived where he merely asserted in his Rule 1925(b) statement that "[t]he verdict of the jury was against the weight of the credible evidence as to all of the charges")).

We agree with the trial court's waiver determinations. First, under ***Seibert***, it is apparent that Appellant waived his weight of the evidence claim by setting it forth in boilerplate fashion in his Rule 1925(b) statement. Second, in regard to his sufficiency challenge, Appellant specified the convictions he is challenging, yet failed to identify what element(s) of those offenses the Commonwealth failed to prove. Moreover, in Attorney Foreman's ***Anders*** brief, she asserts that Appellant seeks to challenge the sufficiency of the evidence because "the Commonwealth failed to present

- 10 -

any evidence of D.N.A., fingerprints, and/or a weapon." ***Anders*** Brief at 17. She also indicates that Appellant wants to argue that the evidence was insufficient to convict him because "wiretap evidence" and statements he provided to detectives on October 26, 2011, should have been suppressed. ***Id.*** at 17, 21. None of these claims were presented in Appellant's Rule 1925(b) statement; therefore, they are waived. ***See*** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").[2]

_____

[2] We are aware that this Court has elected to assess the merits of otherwise waived issues where counsel is seeking to withdraw on appeal. ***See Commonwealth v. Hernandez***, 783 A.2d 784, 787 (Pa. Super. 2001) (concluding that ***Anders*** requires review of issues otherwise waived on appeal); ***Commonwealth v. Baney***, 860 A.2d 127, 130 (Pa. Super. 2004) (same). However, ***Hernandez*** and ***Baney*** (which relies on ***Hernandez***) both pre-date our Supreme Court's 2007 amendment of Rule 1925, which added section (c)(4). That provision states:

> (4) In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an ***Anders/McClendon*** brief in lieu of filing a Statement. If, upon review of the ***Anders/McClendon*** brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both. Upon remand, the trial court may, but is not required to, replace appellant's counsel.

Pa.R.A.P. 1925(c)(4). In the Comment to Rule 1925, the Supreme Court elucidated the purpose of this amendment, stating:

> This paragraph clarifies the special expectations and duties of a criminal lawyer. Even lawyers seeking to withdraw pursuant to the procedures set forth in ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. McClendon***, 495 Pa. 467, 434

*(Footnote Continued Next Page)*

Finally, Appellant seeks to challenge discretionary aspects of his sentence, arguing that the sentence imposed by the court was excessive.

> "[T]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010); 42 Pa.C.S. § 9781(b); *but see* Pa. Const. Art. V § 9 ("there shall also be a right of appeal from a court of record ... to an appellate court"). Rather, an "[a]ppeal is permitted only after this Court determines that

*(Footnote Continued)* ―――――――――――――

> A.2d 1185 (1981) are obligated to comply with all rules, including the filing of a Statement. *See Commonwealth v. Myers*, 897 A.2d 493, 494-96 (Pa. Super. 2006); *Commonwealth v. Ladamus*, 896 A.2d 592, 594 (Pa. Super. 2006). However, because a lawyer will not file an *Anders/McClendon* brief without concluding that there are no non-frivolous issues to raise on appeal, this amendment allows a lawyer to file, in lieu of a Statement, a representation that no errors have been raised because the lawyer is (or intends to be) seeking to withdraw under *Anders/McClendon*. At that point, the appellate court will reverse or remand for a supplemental Statement and/or opinion if it finds potentially non-frivolous issues during its constitutionally required review of the record.

Comment to Pa.R.A.P. 1925. Under Rule 1925(c)(4), counsel now has the option of submitting a statement of intent to file an *Anders* brief *rather* than a Rule 1925(b) statement raising specific issues. If, however, counsel chooses to file a Rule 1925(b) statement, we do not overlook the firmly established waiver principles in assessing what issues are preserved, simply because counsel later elects to file an *Anders* brief with this Court. *See Myers, supra*; *Ladamus, supra*. Only where *Anders* counsel fails to file *any* court-ordered statement under Rule 1925, thus constituting *per se* ineffectiveness, is the appropriate remedy to deny counsel's petition to withdraw and remand for counsel to file either a Rule 1925(b) or 1925(c)(4) statement. *See Commonwealth v. McBride*, 957 A.2d 752, 758 (Pa. Super. 2008) (holding that "absent the proper filing of *any* [Rule 1925] statement of record by [*Anders*] counsel, this Court cannot properly consider counsel's request to withdraw") (emphasis added).

there is a substantial question that the sentence was not appropriate under the sentencing code." ***Crump, supra*** at 1282.

> A defendant presents a substantial question when he "sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." In order to properly present a discretionary sentencing claim, a defendant is required to preserve the issue in either a post-sentence motion or at sentencing and in a court-ordered [Rule] 1925(b) concise statement. Further, on appeal, a defendant "must provide a separate statement [pursuant to Pa.R.A.P. 2119(f)] specifying where the sentence falls in the sentencing guidelines, what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm." ***Commonwealth v. Naranjo***, 53 A.3d 66, 72 (Pa. Super. 2012) (citations omitted).

***Commonwealth v. Dodge***, 77 A.3d 1263, 1268-1269 (Pa. Super. 2013) (footnote omitted).

Here, in Appellant's post-sentence motion, he stated: "The Defendant believes his sentence was excessive and seeks to modify and reduce the sentence of imprisonment imposed in this case." Appellant's Post-Sentence Motion, 11/26/12, at 2 (unnumbered). Appellant raised the issue in a similar, boilerplate fashion in his Rule 1925(b) statement. ***See*** Rule 1925(b) Statement, 5/5/14, at 5 ("The sentence imposed was excessive and/or illegal."). The trial court concluded that Appellant's bald assertion that his sentence is excessive does not constitute a substantial question permitting this Court to address the merits of his claim. TCO at 13. We are compelled to agree. ***See Dodge***, 77 A.3d at 1270 (clarifying that "a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question").

In any event, we also emphasize that Attorney Foreman did not include a Rule 2119(f) statement in her *Anders* brief to this Court, and the Commonwealth has objected to this omission. *See* Commonwealth's Brief at 14-15. This Court has held that under such circumstances, we are not permitted to reach the merits of a discretionary aspect of sentencing claim. *See Commonwealth v. Hudson*, 820 A.2d 720, 727 (Pa. Super. 2003) (stating "we may not reach the merits of [the] claims where the Commonwealth has object[ed] to the omission of the statement") (citation omitted). Even in the *Anders* context, we have required counsel to comply with Rule 2119(f). *See Ladamus*, 896 A.2d at 595-96; *Commonwealth v. Wilson*, 578 A.2d 523, 525 (Pa. Super. 1990).

Accordingly, it is apparent that an appeal on Appellant's behalf would be wholly frivolous, as he has not preserved any of his claims for our review. Moreover, after independently reviewing the record, we ascertain no other issues that Appellant could assert herein. Therefore, we affirm Appellant's judgment of sentence and grant Attorney Foreman's petition to withdraw.[3]

Judgment of sentence affirmed. Petition to withdraw granted.

_____

[3] We concede that it is troubling to permit Attorney Foreman to withdraw where she is the counsel who waived Appellant's claims by filing an inadequate Rule 1925(b) statement, an insufficient post-sentence motion, and an *Anders* brief omitting a Rule 2119(f) statement. However, as with any other criminal defendant whose counsel waives claims for our review, Appellant may seek relief by filing a timely petition under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, alleging ineffective representation by Attorney Foreman.

Judge Stabile joins this memorandum.

Judge Mundy concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2015